IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GRENVILLE DIVISION

Kanivid Lamont Mosely,                    )      C/A No. 6:25-cv-07928-JDA-KFM
                                          )
                        Plaintiff,        )      **REPORT OF MAGISTRATE JUDGE**
                                          )
            vs.                           )
                                          )
Ernest Michael Patrick O'Brien, Sr.,      )
                                          )
                        Defendant.        )
_____  )

The plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.  The plaintiff's complaint was entered on the docket on July 21, 2025 (docs. 1; 1-1).  The case is in proper form for judicial screening.  However, for the reasons that follow, it is recommended that this matter be summarily dismissed.

## ALLEGATIONS

This is a § 1983 action filed by the plaintiff, a pretrial detainee at the Greenville County Detention Center ("the Detention Center") seeking money damages and injunctive relief from the defendant (doc. 1). Of note, the plaintiff's complaint involves pending charges in the Greenville County General Sessions Court for giving false information to law enforcement, receiving stolen goods worth more than $2,000 but less than $10,000, and

receiving stolen goods worth less than $2,000.[1]  *See* Greenville County Public Index, https://publicindex.sccourts.org/ Greenville/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2025A2330205804, 2025A2330205805, 2025A2330205806) (last visited August 13, 2025).

The plaintiff alleges violations of his rights because the South Carolina Magistrates are not neutral or detached because they are at the same location as the law enforcement center (docs. 1 at 4; 1-1 at 2).  He contends that this violates the separation of powers under the South Carolina constitution (*id.*; doc. 1-1 at 1).  The plaintiff contends that the courts hide warrants from him (doc. 1 at 5).  He contends that the warrant issued for his arrest was a violation of the Racketeering Influenced Corrupt Organization Act and was rubber stamped by Judge O'Brien (docs. 1 at 5; 1-1 at 1).  He further contends that warrants for other individuals also show the corruption in the South Carolina Magistrates (doc. 1-1 at 2).

The plaintiff alleges no injuries (doc. 1 at 6).  For relief, the plaintiff seeks a declaration that the South Carolina Magistrates violate the neutral and detached magistrate clause, requests an investigation into the South Carolina Magistrates, to have the Magistrates moved out of the law enforcement center, and money damages (*id.*).  Attached to the plaintiff's complaint is a copy of one of the warrants issued for his arrest (doc. 1-1 at 3).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendant. As outlined below, the plaintiff's complaint is subject to summary dismissal. As an initial matter, to the extent the plaintiff attempts to bring claims on behalf of other detainees by referencing alleged improprieties in cases involving other pretrial detainees (*see* doc. 1-1 at 2), he may not do so in this action *pro se* because a prisoner cannot file or maintain a lawsuit on behalf of others. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Additionally, to the extent the plaintiff seeks an order investigating the defendant or requiring the police department and South Carolina Magistrates to be separated into different locations, such a request is not within the purview of this court. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that federal courts do not investigate state law enforcement actions).

**Judicial Immunity**

The only defendant named in this action, Judge O'Brien (a South Carolina Magistrate Court Judge), is subject to dismissal because of judicial immunity. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts

4

were in error, malicious, or in excess of his authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). Although the plaintiff attempts to describe Judge O'Brien's actions as violating RICO and the separation of powers required under the Constitution, all of his allegations involve Judge O'Brien's judicial actions in signing an arrest warrant for the plaintiff; as such, judicial immunity squarely applies and any claims against Judge O'Brien should be dismissed. As such, the plaintiff's complaint is subject to dismissal because the only named defendant, Judge O'Brien, is entitled to judicial immunity.

**Fourth Amendment Claims**

Liberally construed, the plaintiff also asserts a Fourth Amendment claim (*see* docs. 1; 1-1). As an initial matter, the plaintiff has not named a defendant amenable to suit in this action for this claim; however, even had he named a proper party for his Fourth Amendment claim, it would still be subject to dismissal. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). However, because the plaintiff was arrested pursuant to a warrant, the claim is properly construed as one for malicious prosecution rather than false arrest. *See Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) (noting that "[a] claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause."). To

5

state a malicious prosecution claim, the plaintiff must allege that he was (1) seized pursuant to legal process not supported by probable cause and (2) that the criminal proceedings terminated in his favor. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996); *see Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 561–64 (2024) (holding that a malicious prosecution claim can succeed when there is a baseless charge accompanied by a valid charge).

Here, the plaintiff cannot meet the elements of a malicious prosecution claim. Indeed, a review of a copy of the arrest warrant referenced in and attached to the plaintiff's complaint[2] revealed probable cause for the warrant – the plaintiff was observed driving a vehicle with a stolen license plate (doc. 1-1 a 3). *See Beck v. State of Ohio*, 379 U.S. 89, 91 (1964) (noting that probable cause exists if ""at that moment the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." (internal citation omitted). Moreover, the plaintiff's claim also fails because he has not alleged a favorable termination on his charges as they remain pending at this time. *See Thompson v. Clark*, 596 U.S. 36, 39, 44 (2022) (noting that a Fourth Amendment claim requires showing a "favorable termination of the underlying criminal prosecution"); *see also* Greenville County Public Index (enter the plaintiff's name and 2025A2330205804, 2025A2330205805, 2025A2330205806) (last visited August 13, 2025). As such, the plaintiff's Fourth Amendment claim – even presuming he had named a party amenable to suit for this claim – is subject to summary dismissal for failure to state a claim.

## RECOMMENDATION

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that

---

[2] *Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024) (recognizing that documents can be incorporated into the complaint by reference) (internal citation omitted).

the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process.[3] *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**The attention of the parties is directed to the important notice on the next page.**

      **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

August 13, 2025
Greenville, South Carolina

---

[3] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action for failure to state a claim could later be deemed a strike under the three-strikes rule. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).